# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM BURGESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20 CV 1455 MTS |
| ) | |
| ANNE L. PRECYTHE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On December 15, 2020, the Court directed Plaintiff to file an amended complaint. Doc. [10]. Plaintiff was given thirty days in which to comply, but he has failed to respond. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

## Background

Plaintiff is a self-represented litigant incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. On October 7, 2020, he filed a civil action pursuant to 42 U.S.C. § 1983, naming twenty separate defendants. Doc. [1]. In his complaint, Plaintiff alleged that his Eighth Amendment right to medical care was being violated by the ERDCC's handling of the COVID-19 pandemic.

Because Plaintiff was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Following that review, the Court determined that Plaintiff's complaint was subject to dismissal because it was not on a Court-provided form; it failed to provide a short and plain statement of the factual allegations against the named defendants; it failed to

assert the personal responsibility of each of the named defendants; it relied heavily on conclusory statements and speculation; and it attempted to join unrelated claims. Doc. [10].

Rather than dismiss outright, the Court directed Plaintiff to file an amended complaint on a Court-provided form. A copy of the form was sent to Plaintiff, along with a copy of the Court's order containing instructions on how to properly amend. Plaintiff was given thirty days in which to comply. The Court advised Plaintiff that failure to comply would result in the dismissal of his case without prejudice and without further notice.

## Discussion

As noted above, on December 15, 2020, the Court ordered Plaintiff to file an amended complaint on a Court form. He was given thirty days in which to comply. Plaintiff's response was due on or before January 14, 2021. In the order, the Court advised Plaintiff that failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for Plaintiff to file his amended complaint has expired. In fact, the Court has given Plaintiff substantially more than thirty days in which to respond. Nonetheless, Plaintiff has failed to submit an amended complaint as directed. Moreover, he has failed to file a motion with the Court seeking an extension of time in which to comply.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because Plaintiff has not complied with the Court's order of December 15, 2020, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of December 15, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of March, 2021.

                                                MATTHEW T. SCHELP
                                                UNITED STATES DISTRICT JUDGE